UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KHOA PHAM, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>            Defendant. | CASE NO. 2:24-cv-01781-RSL<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND/OR FOR A MORE DEFINITE STATEMENT |

This matter comes before the Court on defendant's "Motion to Dismiss and for a More Definite Statement." Dkt. # 7. Having reviewed the motion and the remainder of the record, the Court finds as follows:

**BACKGROUND**

Plaintiffs allege that they were insured by defendant American Family Connect Property and Casualty Insurance Company when thieves broke into their home and stole over $171,000 worth of collectibles, including limited edition designer bags, watches, sunglasses, wallets, and shoes. The policy afforded $204,100 in "Personal Property (Replacement Cost)" coverage. Plaintiffs further allege that they reported the theft to the

police, itemized the lost property, and filed a claim with their insurer, submitting all receipts, confirmation orders, and pictures. On September 11, 2024, defendant offered $29,181.35 to settle the claim, reducing the documented value of certain claimed items and rejecting claims for items for which there was no legible receipt even if there were pictures or other evidence supporting the claim. Plaintiffs rejected the offer and have not been able to get their insurer to reevaluate the claim.

Plaintiffs, who are proceeding *pro se*, filed this lawsuit in King County Superior Court on October 9, 2024. The complaint consists of a three-page letter and more than fifty pages of documents related to the insurance policy and claim documentation. Plaintiffs seek to compel payment of the replacement costs promised in the policy. Defendant timely removed to federal court and filed this motion to dismiss the next day. Although plaintiffs have not filed an opposition memorandum, they have submitted their discovery responses, including a police report related to the burglary and receipts for and photos of the missing items.

## DISCUSSION

**A. Motion to Dismiss**

The question for the Court on a motion to dismiss under Rule 12(b)(6) is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th

Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Defendant asserts that the complaint fails to "sufficiently allege facts that would give fair notice [of the claim] and enable American Family to defend itself effectively."

Dkt. # 7 at 4. In particular, defendant argues that plaintiffs have failed to allege facts which could support a cause of action because (a) they acknowledge that defendant did not unreasonably deny the claim and, in fact, extended coverage, (b) they have not identified any law or regulation that was broken, and (c) they have not alleged a cognizable injury.

It is a longstanding rule in federal court that "[a] *pro se* complaint must be 'liberally construed,' since 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), which in turn quoted *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a plaintiff must plead facts sufficient to show entitlement to some relief in a court of law, he or she need not specify any particular cause of action or statutory violation in order to survive a motion to dismiss. In *Alvarez v. Hill*, 518 F.3d 1152 (9th Cir.2008), for example, a prisoner sued prison officials alleging that they substantially burdened his exercise of religion. The district court considered the prisoner's claim under the Free Exercise Clause of the First Amendment and granted summary judgment in favor of the prison officials. The Ninth Circuit found, however, that where the facts alleged gave defendants fair notice of a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the district court should have considered that independent statutory claim before granting summary judgment. 518 F.3d at 1157.

> [Defendants'] argument that [plaintiff's] complaint failed to "state a claim" under RLUIPA because he did not cite the statute misapprehends the function of pleadings in federal practice. Notice pleading requires the plaintiff to set forth in his complaint claims for relief, not causes of action, statutes or legal theories. *See* Fed. R. Civ. P. 8(a)(2). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). A complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss.

518 F.3d at 1157–58. Thus, the question is whether plaintiffs' *pro se* complaint, liberally construed, states a plausible claim for relief against their insurer.

Under Washington law, insurers owe a statutory duty of good faith to their insureds. RCW 48.01.030 ("The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters."). The tort of bad faith occurs when the insurer breaches its obligation to deal fairly with an insured, fails to give equal consideration to the insured's interests, and overemphasizes its own interests. *Coventry Assocs. v. Am. Sates Ins. Co*, 136 Wn.2d 269, 280 (1998); *Tank v. State Farm Fire & Casualty Co.*, 105 Wn.2d 381, 385–86 (1986). Washington's insurance regulations specifically provide that it is an unfair or deceptive act to make an unreasonably low settlement offer and compel the insured to initiate litigation to recover amounts due under the insurance policy. WAC 284–30–330(7). While the difference in the amount of the offer and the amount of the demand or eventual settlement does not, by itself, show that the insurer acted in bad faith, the insurer must have had a reasonable justification for its low offer. *See Keller v. Allstate*, 81

ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND/OR FOR A MORE DEFINITE STATEMENT - 5

Wn. App. 624, 633-35 (1996). "The determinative question is reasonableness of the insurer's actions in light of all the facts and circumstances of the case." *Anderson v. State Farm Mut. Ins. Co.*, 101 Wn. App. 323, 329–30 (2000) (citing *Indust. Indem. Co. of the Nw. v. Kallevig*, 114 Wn.2d 907, 920-21 (1990)). In addition, "unreasonably low offers by an insurer that effectively deny the benefits owed to an insured constitute actionable violations" of Washington's Insurance Fair Conduct Act, *Heide v. State Farm Mut. Auto. Ins. Co.*, 261 F. Supp. 3d 1104, 1108 n.3 (W.D. Wash. 2017), and a violation of the state's insurance regulations can form the basis of a Washington Consumer Protection Act claim, *Anderson*, 101 Wn. App. at 330.[1]

Plaintiffs allege that, despite being told that many of the stolen items were limited editions and despite having evidence regarding the purchase price of the items, the adjuster misrepresented the evidence provided, improperly depreciated items that maintained or increased their value over time, and offered to reimburse plaintiffs for less than 20% of their loss. When their protests were ignored, they filed this lawsuit, presumably to recover the insurance proceeds they believe are due under their policy. Defendant does not address these allegations or explain why they fail to show an entitlement to relief. In its motion, defendant argues that it "does not have the power to change the original price of a designer item like a Chanel bag" and that plaintiffs' valuation of their loss is "staggering." Dkt. # 7

---

[1] This list of causes of action that could be supported by the facts alleged is not intended to be exhaustive or exclusive.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AND/OR FOR A MORE DEFINITE STATEMENT - 6

at 3. Such denials are the proper stuff of an answer or motion for summary judgment, not a motion to dismiss.

**B. Motion for a More Definite Statement**

In the alternative, defendant moves for a more definite statement of plaintiffs' claims. A party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion "must be considered in light of the liberal pleading standards set forth in Rule 8(a)(2)." *Comm. for Immigrant Rights of Sonoma Cnty. v. Cnty. of Sonoma*, 644 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009). Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Thus, "the proper test in evaluating a Rule 12(e) motion is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Fed. Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988). "The rule is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot understand the substance of the claim asserted." *Griffin v. Cedar Fair, L.P.*, 817 F. Supp. 2d 1152, 1156 (N.D. Cal. 2011).

While defendant argues that it is unable to prepare a response or defense to plaintiffs' complaint, it does not explain why. The allegations of the complaint are not complex, prolix, lengthy, or indirect. Defendant's reliance on *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996), is misplaced. *McHenry* involved a 53-page complaint that mixed statements of relevant facts, irrelevant facts, political argument, and legal argument in a

way that left the Ninth Circuit confused and unsure whether it understood the facts of the case. Plaintiff had already been given opportunities to amend the complaint, and the Ninth Circuit affirmed dismissal where it would take "months or years of discovery and motions [for] each defendant [to] find out what he is being sued for." 84 F.3d at 1178. The complaint in this case bears no resemblance to the one at issue in *McHenry*. To the extent defendant is arguing that plaintiffs must specify the causes of action they intend to pursue because it cannot imagine any potential violations of law arising from the alleged facts, the argument is unpersuasive. *See* Section A.

## Conclusion

For all of the foregoing reasons, defendant's motion to dismiss and/or for a more definite statement is DENIED.

DATED this 7th day of February, 2025.

*[signature]*
Robert S. Lasnik
United States District Judge